## SUN STATE FORD, INC. v. PLAZA MOTORS, INC., et al.

Case No. CO84-5646

County Court, Orange County

April 11, 1985

### APPEARANCES OF COUNSEL

**Dan Rooney** for plaintiff.

**Clay Henderson** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came before this court as a non jury trial on March 13, 1985. The plaintiff purchased an automobile from the defendant and claimed that the defendant rolled back the odometer. The defendant denied rolling back the odometer and claimed that the plaintiff rolled the mileage back.

If it is sufficiently proven that the defendant rolled back the odometer, the plaintiff is entitled to treble damages, 15 USC 1989(a)(1). The question of what constitutes actual damages is not clear. The court requested and both sides presented a memorandum of law dealing with this issue.

88

The court is faced with two issues:

1) Has the plaintiff proved by a preponderance of the evidence that the defendant rolled back the odometer.

2) If the plaintiff has met its burden of proof, what is the amount of damages that is to be trebled.

## FACTS

Walter Leipuner is the owner of Plaza Motors, Inc. He testified that he purchased a 1983 Crown Victoria automobile from Military Sales Corp. for $7200.00 He brought the car to Sun State Ford on May 16, 1984 where he attempted to sell the car for $7300.00. However, John Mathews, the general sales manager for Sun State Ford, reduced the purchase price to $7000.00; the defendant thus lost $200.00 on this transaction. Mr. Leipuner testified that prior to bringing the Crown Victoria to Sun State Ford:

1) He had not talked to anyone at Sun State about purchasing the car.

2) The car definitely had 79,000+ miles. The plaintiff also testified that prior to the sale of the car to the defendant he had only been in the automobile business one year and the business is now broke.

Manny Messinger is the general manager of Sun State Ford. He testified he received a telephone call from some person at Plaza Motors, Inc. wanting to sell a Crown Victoria automobile to Sun State Ford. He testified that the caller claimed the car had only 30,000+ miles. Mr. Messinger was unable to identify the person who telephoned him.

He testified that the wholesale value of a 1982 Crown Victoria in May, 1984 with 30,000+ miles would be $7475.00, but it would be only $6425.00 if it had 79,000+ miles. He further testified that Sun State Ford would never have purchased the car had he known it had 79,000+ miles.

The person who purchased the car for Sun State was John Mathews, not Manny Messinger. Mr. Mathews stated that he visually observed that the car had 30,000+ miles. When he purchased the car for Sun State he obtained the title, but he did not obtain the odometer statement. Significantly, this was the first and only time he had purchased an automobile without an odometer statement. He was unable to explain why no odometer statement was obtained in this case.

Based on the evidence before the court it is clear that either Sun

State or Plaza Motors is guilty of odometer tampering. However, the court rules that plaintiff has failed to prove by a preponderance of the evidence that it was the defendant who rolled back the odometer. If in the future the plaintiff wishes to protect itself it should obtain an odometer statement at the time of sale.

Since the court ruled for the defendant on issue 1 it is not required to decide the very interesting issue concerning damages.

Based on the foregoing, the plaintiff shall take nothing from the defendant.